Joseph Kanee, Esq.
Florida Bar No. 1040922
MARCUS & ZELMAN, LLC
1508 SW 23 Street
Fort Lauderdale, FL 33315
Tel: (848) 346-4358
Email: joseph@marcuszelman.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| TIFFANY ROBINSON,<br><br>              Plaintiff,<br><br>    v.<br><br>CONSUMER PORTFOLIO SERVICES, INC., LOCATION SERVICES, LLC, and FIRST CHOICE TOWING RECOVERY AND TRANSPORT LLC,<br><br>              Defendants. | Case No.:<br><br>Plaintiff's Complaint For<br><br>1.  Violations Of 15 U.S.C. §1692f(6)<br><br>2.  Wrongful Repossession.<br><br>3.  Conversion<br><br>**(Jury Trial Requested)** |

Plaintiff Tiffany Robinson (hereinafter referred to as "Plaintiff") complains and alleges as against Consumer Portfolio Services, Inc., Location Services, LLC,

1

COMPLAINT

and First Choice Towing Recovery and Transport LLC (hereinafter "Defendants") as follows.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally and egregiously breached the peace by knowingly attempting to tow her vehicle while it was occupied, by using physical force, and continuing to repossess the vehicle over Plaintiff's repeated objections. Plaintiff also brings a claim against Defendants Location Services, LLC and First Choice Towing Recovery and Transport LLC for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages and punitive damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff Tiffany Robinson ("Plaintiff") is a natural person and a resident of Hillsborough County, Florida and is a "Consumer" as defined by 15 U.S.C.

2

COMPLAINT

§1692(a)(3).

6. Defendant First Choice Towing Recovery and Transport LLC (hereinafter referred to as "First Choice Recovery"), is a repossession company, with its principal place of business in St. Petersburg, Florida.

7. Defendant First Choice Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant First Choice Recovery is a "debt collector," as defined in the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant Location Services, LLC ("Location Services") is a limited liability company that specializes in nationwide recovery management, skip tracking and impound services on behalf of lenders and creditors, with its principal place of business in Crawfordsville, Indiana.

10. Upon information and belief, Location Services is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

11. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant Location Services is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

3

COMPLAINT

12. Defendant Consumer Portfolio Services, Inc. ("CPS") is an independent specialty finance company that provides indirect automobile financing to individuals with past credit problems, low incomes or limited credit histories, headquartered in Irvine, California.

## ALLEGATIONS OF FACT

13. Plaintiff owns a 2018 Nissan Altima.

14. Plaintiff purchased this vehicle through an auto loan obtained from CPS.

15. Plaintiff took out this auto loan in order to purchase this vehicle for personal, family and household use.

16. At some point prior to April 29, 2025, Plaintiff fell behind on her payments on the CPS auto loan due to unexpected financial hardship.

17. The money owed under the CPS auto loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

18. As a result, CPS apparently contracted with Location Services to repossess the Plaintiff's vehicle.

19. Upon information and belief, Location Services does not perform any repossessions itself in Florida, but contracts with repossession companies in all 50 states to carry out the actual repossessions.

20. Upon information and belief, after being contracted by CPS to repossess the Plaintiff's vehicle, Location Services arranged for First Choice Recovery to

4

carry out the actual repossession.

21. At approximately 7:55 a.m. on or about April 29, 2025, Plaintiff observed a tow truck, later identified as Defendants' repossession agents' tow truck, stop in front her Vehicle, which was lawfully parked in front of her parent's residence in Tampa, Florida, and begin backing up towards the front of Plaintiff's Vehicle.

22. Plaintiff immediately exited the residence and clearly objected to the repossession and told the Defendants' repo agents to stop the repossession and that they could not take the Vehicle at that time.

23. Plaintiff then attempted to enter her Vehicle to stop the repossession, when another repo agent approached and physically blocked her from getting into the driver's seat of the Vehicle.

24. Plaintiff again clearly and unequivocally objected to the repossession.

25. Plaintiff then attempted to enter the Vehicle from the rear driver's side door when the Defendants' repo agent suddenly yanked the Plaintiff's vehicle with his tow truck, thereby risking serious injury to Plaintiff, who was less than a foot from the Vehicle at that time.

26. Defendants' repo agents proceeded to forcibly carry out the repossession of Plaintiff's Vehicle, despite Plaintiff's repeated objections.

27. The law in Florida has long been clear that a debtor has the absolute right to object to a repossession, and that a repossession must cease upon the verbal

5

objection of the debtor to the repossession. *See e.g., Marine Midland Bank-Cent. v. Cote,* 351 So. 2d 750, 752 (Fla. Dist. Ct. App. 1977)("the debtor's physical objection bars repossession even from a public street"); *In re 53 Foot Trawler Pegasus*, No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *5 (M.D. Fla. Nov. 18, 2008) ("The statute makes it clear that a creditor runs the risk of serious liability if he proceeds with a self-help repossession when there is a serious objection by the debtor"); *Nixon v. Halpin*, 620 So. 2d 796, 798 (Fla. Dist. Ct. App. 1993) ("The owner of the vehicle had a right to object to DCI's attempted repossession of the collateral. If DCI had not already peaceably removed the vehicle when the owner objected, its continuation with the attempt at repossession was no longer peaceable and without a breach of the peace").

28. Despite being plainly aware that they could no longer repossess the Plaintiff's vehicle after Plaintiff had objected to it, the Defendants' repo agents did not care, and willfully and intentionally violated the law in persisting with the repossession.

29. As a result of the Defendants' illegal repossession, Plaintiff suffered anger, frustration, emotional distress and lost time as a result of the Defendants' actions, and was subjected to abusive collection tactics she had a substantive right to be free from.

6

COMPLAINT

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against First Choice Recovery and Location Services)**

30. Plaintiff reallege paragraphs 1-29 as though more fully set forth herein.

31. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

32. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)    the property is exempt by law from such dispossession or disablement.

33. Under Florida Statute § 679.601 and 679.609, a secured party may take possession of collateral, without judicial process, **only** if it can be accomplished without a breach of the peace.

34. On April 29, 2025, the Defendants breached the peace (a) by using physical force in order to complete the repossession, and (b) by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendants to stop the repossession.

7

COMPLAINT

35. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle once they breached the peace and were prohibited from repossessing it at that time.

36. The Defendants accordingly violated 15 USC § 1692f(6) when they attempted to repossess the Plaintiff's vehicle on April 29, 2025.

37. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, by subjecting the Plaintiff to unfair, or unconscionable means to collect a debt, by depriving the Plaintiff of use of the vehicle, and by depriving the Plaintiff of the loss of the right to pre repossession judicial process.

38. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment.

39. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL REPOSSESSION**
**Florida Statute § 679.601, 679.609 and 679.625 *et seq.***
**(Against All Defendants)**

8

COMPLAINT

40. Plaintiff repeat, reiterate and incorporate the allegations contained in paragraphs 1-29 above, with the same force and effect as if the same were set forth at length herein.

41. Plaintiff brings this Count against all Defendants.

42. Florida law does not permit non judicial or "self-help" repossession of consumer motor vehicles unless the repossession can be accomplished without a breach of the peace. Florida Statute § 679.601, 679.609.

43. On April 29, 2025, the Defendants breached the peace (a) by using physical force in order to complete the repossession, and (b) by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendants to stop the repossession.

44. As a result, the Defendants violated Florida Statute § 679.601 and 679.609 when they repossessed the Plaintiff's vehicle on April 29, 2025.

45. By illegally repossessing the Plaintiff's vehicle on April 29, 2025 in violation of Florida Statute § 679.601 and 679.609, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving them of the use of their vehicle, by damaging the vehicle and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

COMPLAINT

46. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment.

47. By reason thereof, Defendants are also liable to the Plaintiff for judgment that Defendants' conduct violated Florida Statute § 679.601 and 679.609 statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT III

### CONVERSION
### (Against All Defendants)

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1-29 above, with the same force and effect as if the same were set forth at length herein.

49. As set forth above, each of the Defendants wrongfully repossessed the Plaintiff's vehicle and the Plaintiff's possessions at a time that the Plaintiff – and not the Defendants – was entitled to possession of that vehicle and the possessions contained therein.

50. The Defendants then held Plaintiff's vehicle and the possessions that were contained therein, thereby exercising control over the Plaintiff's property.

51. Defendants' conversion of Plaintiff's vehicle and the Plaintiff's possessions harmed Plaintiff, by depriving her of the use of her vehicle for an extensive period of time.

10

COMPLAINT

52. Defendants further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in damaging their vehicle, injuring Plaintiff in front of Plaintiff, and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

53. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment.

54. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and the possessions contained therein, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

(a)    awarding Plaintiff  actual damages incurred;

(b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c)    awarding the Plaintiff punitive damages;

11

COMPLAINT

(c)   Awarding pre-judgment interest and post-judgment interest; and

(f)   Awarding Plaintiff such other and further relief as this Court

may deem just and proper.

Dated: March 31, 2026

By: /s/ Joseph Kanee
Joseph Kanee, Esq.
Florida Bar No. 1040922
MARCUS & ZELMAN, LLC
1508 SW 23 Street
Fort Lauderdale, FL 33315
Tel: (848) 346-4358
Email: joseph@marcuszelman.com
*Attorney for Plaintiff*

12

COMPLAINT